UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRANDON SCOTT WEST,

                                                           Plaintiff,

                                                           v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                                           Defendant.
_____

<u>DECISION AND ORDER</u>

16-CV-6657L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On December 28, 2012, plaintiff, then 36 years old, filed an application for supplemental security income, alleging an inability to work since September 1, 2008. (Dkt. #5 at 18).[1] His application was initially denied. Plaintiff requested a hearing, which was held October 30, 2014 before Administrative Law Judge ("ALJ") Michael W. Devlin. The ALJ issued an unfavorable decision on February 27, 2015, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on August 1, 2016 (Dkt. #5 at 1-3). Plaintiff now appeals.

The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

cross motion (Dkt. #14) is granted, plaintiff's motion (Dkt. #9) is denied, and the complaint is dismissed.

**DISCUSSION**

An ALJ proceeds though a well-established five-step evaluation in determining whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that plaintiff suffers from the following impairments: degenerative changes in the lumbar spine, recurrent dislocation of the right shoulder, dysthymic disorder (chronic depression), anxiety disorder, antisocial personality disorder, and pedophilia. Upon review of the evidence of record, the ALJ found that the plaintiff has the RFC to perform sedentary work, except that he is limited to only occasionally lifting or carrying 10 pounds with his non-dominant left arm, but can frequently lift or carry less than 10 pounds with his non-dominant left arm. Plaintiff can never lift, carry, push, pull, handle, or reach in any direction, with his dominant right arm. He can occasionally finger with his right hand. He can stand and/or walk for at least two hours, and sit for about six hours, in an eight-hour workday. Plaintiff can frequently climb ramps and/or stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes or scaffolds. He can understand, remember and carry out only simple instructions and tasks, can have no more than occasional contact with the general public, and is limited to a low stress environment (i.e., no supervisory duties, no independent decision-making required, no

strict production quotas, and minimal changes in work routine and processes). He can maintain concentration and focus for up to two hours at a time. (Dkt. #5 at 22-23).

When presented with this RFC, vocational expert Peter A. Manzi testified that plaintiff could perform the position of surveillance system monitor. (Dkt. #5 at 29).

**A. The ALJ's RFC Determination**

Initially, plaintiff contends that the ALJ erred because he gave "significant" weight to the opinions of plaintiff's treating physician, Dr. David Blasczak, and State agency psychologist Dr. T. Harding, but failed to incorporate their opinions into plaintiff's RFC. Specifically, plaintiff claims that the RFC determined by the ALJ failed to fully account for Dr. Blasczak's finding that plaintiff is "very limited" in his ability to perform work at a consistent pace (Dkt. #5 at 445-46), and Dr. Harding's opinion that plaintiff would be "moderately" limited in the ability to complete a normal workday and/or perform at a consistent pace without interruptions caused by psychological symptoms. (Dkt. #5 at 90).

I find that the RFC determined by the ALJ, which notes that plaintiff can maintain concentration and focus for "up to two hours at a time," is limited to simple instructions and tasks, must remain in a low stress environment, and cannot be required to perform work with production quotas, sufficiently accounts for the credible limitations in pace-keeping that are described in the opinions of Dr. Blasczak and Dr. Harding. To the extent that Dr. Harding's opinion might also be interpreted to suggest moderate difficulties in concentration,[2] district courts in this circuit have held that an RFC which includes the ability to concentrate for up to two hours at a time, with or

---

[2] The form used by Dr. Harding asks for an assessment of a claimant's ability to complete a workday and perform at a consistent pace in order to determine a claimant's "sustained concentration and persistence limitations" (Dkt. #5 at 90). In contrast, the form used by Dr. Blasczak asks for separate assessments of a claimant's ability to function at a consistent pace, and his ability to maintain attention and concentration. While Dr. Blasczak noted that plaintiff is "very limited" in his ability to maintain a pace, he found that plaintiff has "no . . . limitations" in attention and concentration. (Dkt. #5 at 446).

3

without the additional limitations to simple tasks and a low-stress, non-production pace environment that the ALJ included here, is sufficient to permit a claimant with "moderate" limitations in attention and concentration to work. *See DeRosia v. Colvin*, 2017 U.S. Dist. LEXIS 149272 at *67 (W.D.N.Y. 2017); *Mitchell v. Colvin*, 2017 U.S. Dist. LEXIS 117998 at *52 (W.D.N.Y. 2017); *Miller v. Colvin*, 2015 U.S. Dist. LEXIS 39274 at *40 (W.D.N.Y. 2015); *Buscemi v. Colvin*, 2014 U.S. Dist. LEXIS 134827 at *37-*38 (W.D.N.Y. 2014).

The RFC determined by the ALJ, who concluded that the plaintiff's physical limitations were primarily limited to his right arm, and that his psychological limitations "are no greater than moderate," (Dkt. #5 at 27),[3] is also consistent with plaintiff's longitudinal medical history and the medical opinions of record. The record includes references to multiple surgeries on plaintiff's right shoulder after an injury he sustained playing basketball while incarcerated, X-rays of the lumbar shine showing no more than mild degenerative changes, periodic complaints of back pain, complaints of depression and anxiety which are partially controlled with medication, and consultative examination notes showing a full range of motion in plaintiff's lumbar spine, intact finger dexterity, and no limitations in the ability to attend appointments on time, or maintain a schedule. (Dkt. #5 at 24-25, 89, 337). The ALJ's findings were also consistent with the opinion of examining physician Dr. Karl Eurenius with respect to plaintiff's exertional and postural limitations, which the ALJ gave "significant weight." (Dkt. #5 at 25). Plaintiff's self-reported

---

[3] Even if the ALJ's finding that plaintiff's limitations are "no more than moderate" was interpreted as a tacit rejection of the portion of Dr. Blasczak's opinion that found plaintiff "very limited" in working at a consistent pace, that rejection would be well-supported by substantial evidence of record, which the ALJ discussed in his opinion. Dr. Blasczak cites to no diagnosis or testing that supports such an extensive limitation with respect to maintaining a consistent pace, and that portion of his opinion is contradicted by all other evidence of record on the subject, including the opinions of Dr. Harding ("moderate" limitations in completion of a workday and performance at a consistent pace) and consulting psychiatrist Dr. Yu-Ying Lin (Dkt. #5 at 342, "can maintain attention and concentration . . . able to maintain a regular schedule"), and Dr. Blasczak's treatment records showing plaintiff's regular and timely attendance at appointments. None of this evidence suggests more than moderate continuity limitations, or establishes a need for rest periods.

daily activities, including engaging in self-care, some involvement in cooking and shopping (with assistance with lifting and carrying), socializing, utilizing public transportation and taking walks, reflect a degree of functioning that is inconsistent with the extent of plaintiff's claimed limitations. I therefore find that the ALJ's RFC determination was adequately explained, and properly supported by substantial evidence of record.

## B. Work That Exists in the National Economy

Plaintiff contends that notwithstanding the vocational expert's testimony that an individual with plaintiff's RFC can perform the position of surveillance system monitor, plaintiff lacks the requisite "aptitude" to perform the requirements of that position. Specifically, plaintiff speculates that due to his right arm and hand limitations, he lacks the manual dexterity to perform the keyboarding or fingering activities that are presumably required for the job, and that plaintiff's limited insight and judgment, as well as his antisocial personality disorder, pedophilia, and criminal history, make him an unsafe choice for such a position in any event.

Where, as here, an ALJ's hypothetical RFC is supported by substantial evidence, the ALJ is entitled to rely on credible testimony from a vocational expert in determining whether a claimant's RFC permits him to perform work existing in significant numbers in the national economy. *See generally Colon v. Commissioner*, 2018 U.S. Dist. LEXIS 48869 at *46-*47 (N.D.N.Y. 2018) (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 (2d Cir. 1983)).

The ALJ also had ample evidence before him that plaintiff is able to behave in a socially appropriate manner. Dr. Blasczak found that plaintiff has "no limitations" in interacting appropriately with others and maintaining socially appropriate behavior. (Dkt. #5 at 446). Dr. Harding opined that plaintiff has "no significant limitations" in his ability to interact appropriately

5

with the public (Dkt. #5 at 90), and consulting psychiatrist Dr. Yu-Ying Lin found that plaintiff can "interact adequately with others." (Dkt. #5 at 342).

I find that the RFC hypothetical posed by the ALJ to the VE (and ultimately adopted by the ALJ) appropriately accounted for plaintiff's limitations in handling and fingering with his right arm, as well as plaintiff's limitations with respect to decision-making, judgment, stress, and public interaction. Accordingly, I find no reason to question the vocational expert's testimony in response to that hypothetical, or the ALJ's reliance upon it.

I have considered the remainder of plaintiff's arguments, including plaintiff's contention that the ALJ failed to properly credit plaintiff's subjective complaints of pain, and find them to be without merit.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #9) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted. The Commissioner's decision that plaintiff, Brandon Scott West, was not disabled, is affirmed, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　April 9, 2018.